CROWN CORK & SEAL CO. OF BALTIMORE CITY v. IMPERIAL
BOTTLE CAP & MACHINE CO. et al.

(Circuit Court, D. Maryland. June 19, 1903.)

1. PATENTS—INFRINGEMENT—BOTTLE-SEALING DEVICE.
       The Painter patent, No. 468,258, for a bottle-sealing device, *held* in-
    fringed.

In Equity. Suit for infringement of letters patent No. 468,258, for a bottle-sealing device, granted to William Painter February 2, 1892. On final hearing.

John C. Rose and Robert H. Parkinson, for complainant.
Willis, Horner, France & Smith and Philip Mauro, for defendants.

MORRIS, District Judge. This is a suit in equity for infringement of United States letters patent for "improvement in bottle-sealing devices," No. 468,258, granted to William Painter February 2, 1892. The device described in the Painter patent, No. 468,258, is generally known as the "crown cork" or "crown seal," and has been introduced

into general use by the complainant. It consists of a cap of hard metal with corrugated flange, containing a sealing disk of the diameter of the cap, placed upon a bottle having an annular projecting shoulder, under which the corrugated flange of the cap is compressed by suitable pressure into fixed contact with the neck of the bottle, and at the same time the cap with the inclosed sealing disk is forced down upon the mouth of the bottle, making a tight seal, which is held in place by the locking effect of the compression of the corrugated hard-metal flange under the swell of the annular shoulder. The corrugations of the flange, among other uses, afford a projecting edge for the engagement of any simple tool by which, when it is desired to open the bottle, the whole device can be easily and quickly pried off. The "crown cork" manufactured by the complainant under this Painter patent in the 11 years it has been in use has proved itself to be of the greatest utility, and has in a great measure superseded all other bottle stoppers for beer and mineral waters, effervescent and other liquids, put up by bottling establishments. The defendant's device consists of the same elements acting in the same manner, and has added nothing whatever to the art. It is a very apparent attempt to put on the market a device which can be used interchangeably with the complainant's "crown cork." Both can be put by the same machine on the same bottles. It is somewhat difficult to deal with defendant's device as an infringement, because much ingenuity has been directed to making a sealing cap which accomplishes, in effect, just what the complainant's device does, and by equivalent means, which are called by different names, not different in substance, but with a difference only colorable. Defendant's stopper is a cap of tin or aluminum, or a similar hard metal, which covers the top of the bottle just as the complainant's does. The defendant's flange is corrugated, and so is the complainant's. Complainant's cap has a sealing disk of cork, the defendant has a sealing disk of cork or of some cotton fabric, and the cap is lined with paper. In both the cap of hard metal is pressed down on the mouth of the bottle so as to force the sealing disk tight against the mouth and form a sealing contact. In the defendant's cap the corrugated flange of hard metal is by pressure forced against the bottle neck, and holds the cork disk in place, because the top of the bottle neck is made with an outward flare sufficient to prevent the cap from being forced off by the gaseous pressure of the contents of the bottle. The complainant's cap is held in tight contact by the corrugated flange being forced into locking contact with an annular projecting shoulder. It is obvious, I think, that the outward flare of the defendant's bottle is the equivalent of the annular shoulder of complainant's bottle. Experiment demonstrates that complainant's caps can be successfully applied to defendant's bottles and defendant's caps can be successfully applied to complainant's bottles. In both cases the cap is held in place because the corrugated flange is forced into circumferential contact with the bottle neck at a place where the diameter of the neck is less than it is above. The diameter is less in defendant's bottle because the neck flares outwardly above. The diameter is less in complainant's bottle because there is an annular shoulder above. It is essential with both devices that there should be an increase of diameters above the com-

pressed flange of the cap, and, as the projecting flare in one case performs the same function as the projecting shoulder in the other, there is strong reason to hold that one is the equivalent of the other. That defendant's cap is lined with paper and complainant's is not, is an immaterial difference.

The injunction will be granted as prayed, with a reference for an account.